UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| GECKO ROBOTICS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 2:23CV229-PPS/JEM |
| ) | |
| SUMMIT NDE, LLC, JUAN ROBERTO ) | |
| MENDOZA MORA and ANGEL ORTEGA, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Gecko Robotics brought this action claiming that Summit NDE, a competitor in the inspection technology industry, and two former Gecko employees working for Summit, have stolen Gecko trade secrets. [DE 1.] The case was recently transferred to this court from the U.S. District Court for the Northern District of Illinois. [DE 43.] A motion for a preliminary injunction was filed in April of this year [DE 9] and has been fully briefed since late May [DE 36]. Along with and related to the preliminary injunction, Gecko sought expedited discovery. [DE 13.] That motion has also been fully briefed without a ruling while the parties' focus shifted to the venue issue that resulted in the transfer of the case.[1]  Promptly upon the transfer, I held a telephone conference with counsel, and have set a hearing on the preliminary injunction motion for September 12 and 13, 2023. [DE 49.] I now take up the motion for expedited discovery.

---

[1] Judge Nancy Maldonado in Chicago did quickly grant a separate motion to serve "limited and immediate discovery on Summit" to ascertain the home addresses of the two individual defendants, Juan Roberto Mendoza Mora and Angel Ortega. [DE 20, 21.]

A preliminary injunction is an extraordinary and drastic remedy at an early stage of litigation, and the party seeking one faces a high bar in meeting the requisite showings. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). Discovery at such an early stage is usually disallowed under Rule 26(d) of the Federal Rules of Civil procedure, which prohibits parties from seeking discovery prior to the parties' Rule 26(f) conference. Expedited discovery is "not the norm." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor,* 194 F.R.D. 618, 623 (N.D.Ill. 2000). "[C]ourts must also protect defendants from unfair expedited discovery," by requiring good cause for such a burdensome exception to the rules. *Ibarra v. City of Chicago*, 816 F.Supp.2d 541, 554 (N.D.Ill. 2011).

I have discretion to permit appropriately focused early discovery. *Ibarra* sets out recognized factors to be considered in determining the reasonableness of such a request: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Id*. at 554, quoting *Landwehr v. FDIC*, 282 F.R.D. 1, 4 (D.D.C. 2010). Gecko itself cites this standard. [DE 13 at 3.]

What does Gecko ask for? Gecko proposes a tight schedule of four weeks in which each side (does that presume coordination among the three defendants?) would complete 10 requests for production of documents, 5 interrogatories, 10 requests for admission, and 3 depositions. [DE 13 at 4-5.] But Gecko does not specify the discovery

2

requests it would propound, nor identify the witnesses it would depose, and for what purpose. Absent more a more particular explanation, I am unable to assess several factors of the "reasonableness" test, namely whether Gecko's proposed discovery is overbroad, what its purpose is, and how burdensome it would be for defendants to respond. Gecko's offers only blithe and inadequate assurances that it "will carefully target its discovery requests and depositions to minimize burdens on Defendants' time and resources," and "intends only to seek discovery that is necessary to demonstrate to the Court the likelihood of success on the merits of the claims." [DE 13 at 5.] Such generalities will not carry the day, either with respect to expedited discovery or a preliminary injunction.

By asking only for numerical limits on the expedited discovery, Gecko doesn't establish that particular discovery is necessary and appropriate prior to the preliminary injunction hearing. Without substantive boundaries on the expedited discovery (and with no protective order in place), the lack of guardrails would likely only engender subsidiary discovery disputes. Gecko has not demonstrated a persuasive basis for expedited discovery, particularly when Gecko claims it already "has compelling evidence that Defendants are taking actions to misappropriate Gecko's trade secrets and interfere with Gecko's customer relationships." [DE 13 at 3-4.]

For these reasons, Gecko's motion will be denied without prejudice. The preliminary injunction hearing remains set on September 12 and 13. The parties are directed to confer in good faith with a view to agreement about limited discovery

appropriately conducted in preparation for the hearing. If agreement cannot be reached, either party may file a motion for expedited discovery identifying the particular discovery they seek and demonstrating the reasonableness of its breadth, its purpose and the burden imposed on the responding party. Any such motion must include a certification of the parties' efforts to reach agreement on the matter first.

ACCORDINGLY:

Plaintiff Gecko Robotics, Inc's Motion for Expedited Discovery [DE 13] is DENIED WITHOUT PREJUDICE.

SO ORDERED.

ENTERED: July 20, 2023.

    /s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT